Battle, J.
 

 It cannot be doubted that a person appointed by a decretal order of a court, in the progress of a cause, a commissioner to sell property, and to make a report thereof to the court, is either an officer or a person against whom, in ■a proper case, an attachment may issue under the provisions of the Rev. Code, ch. 31, see. 117. If, then, the defendant in the present case, had collected the money for which the slave mentioned had been sold, and had disobeyed an order of the Court to pay it into the clerk’s office, an attachment against him would(have been proper, because a wilful disobedience to such order would have been a contempt of the Court. But as he had not collected the money for the reasons stated in his second report, was there any thing of criminality or even of negligence or unskilfulness in the discharge of the duties of his appointment, to justify the Court in issuing the summary process of attachment against him
 
 % We
 
 think not. He was ordered to sell the slave in question ©n a credit of six months, faking a bond and good security for the price; he did right in offering the slave for sale again, after Pritchard had refused •to comply with the terms of the sale. He did wrong, and ran a risk of loss by permitting Jolly to take the slave to Pittsborough before he had given bond and security for the purchase-money; bpt the wrong was repaired as soon as the bond with security was given j for the matter theaa stood as it
 
 *442
 
 would have done had the transaction been completed on the day of sale. The sole enquiry then, is, was it negligence in the. commissioner to take the bond which he did, as security for the price of the negro ? In the .case of
 
 Davis
 
 v.
 
 Marcom,
 
 4 Jones’ Eq. 189, we held that where an administrator was ordered by the court to sell slaves for' distribution, on a credit, taking bond with sureties for the purchase-money,'he was only responsible, in respect to the sufficiency of the bond, for wilfully or negligently taking such sureties as were not good, or such as he had not good reason to believe were sufficient. As we are not aware of any rule of law which holds a commissioner appointed by the court to sell property, to a stricter accountability than what is applicable to administrators, that case must govern the present. Here, the commissioner had very good reason to believe that the bond which he took was sufficient. Dr. Davis, a respectable gentleman, who resided in the neighborhood of the obligors, said the bond would be good, and it was proved that at the time when it was given, though one of the principals was reputed to be insolvent, and the other doubtful, yet the surety was worth $10,000 or $12,-000, principally in real estate, and was regarded as economical and discreet, and as good as any person for the amount of the bond.
 

 Under these circumstances, it may well be doubted whether- the defendant can be held responsible for the loss of the. purchase-money of the slave in any form of action, but certainly he cannot be so held in a mode of proceeding which is somewhat criminal in its nature, and which, it would seem, therefore, ought not to be adopted unless there were something of criminality, in the person against whom it is directed,. See 4 Black. Com. 284, and the references contained in notes 7 and 8 of Chitty’s Edition.
 

 The order of the Superior Court, from which the appeal .is taken, is affirmed. ■ „
 

 Per Curiam,
 

 Judgment affirmed.